ROBERT B. CHISHOLM, JR. ·

v.

THE CHICAGO & NORTHWESTERN RAILWAY CO.

LIMITATION AFTER JUDGMENT.—The record sh(wing that by the pleadings an issue to the jury was formed upon the question whether the present action was not barred by the statute limiting the time in which to commence actions after reversal, and there being sufficient evidence upon that point to support the verdict, it will not be disturbed.

APPEAL from the Circuit Court of Kane County; the Hon. H. H. CODY, Judge, Presiding.

Mr. FRANK CROSBY, for appellant; cited Beer et al. v. Phillips, Breese, 44; Snyder v. Gaither et al. 3 Scam. 91; McFadden v. Fortier, 20 Ill. 509; Camp et ux. v. Small, 44 Ill. 37; Edbrooke v. Cooper, 79 Ill. 582.

Mr. B. C. COOK, for appellee; cited C. & A. R. R. Co. v. Clampit, 63 Ill. 95; Pratt v. Tucker, 67 Ill. 346; Thomas v. McLaughlin, 66 Ill. 407; Mattingly v. Crowell, 42 Ill. 32; Champaign v. Patterson, 50 Ill. 61; Thompson v. Alexander, 11 Ill. 54; Conway v. Cable et al. 37 Ill. 82; Dickson v. C. B. & Q. R. R. Co. 77 Ill. 331; Cooley on Con. Lim. 357; Sedgwick on Stat. and Const. Law, 695; Gardner v. Stevens, 1 Heiskill, 280; Gopel v. Wheeler, 2 Gall. 105; Baugher v. Nelson, 9 Gill. 299; Johnson v. Weedman, 4 Scam. 495; Plumleigh v. Dawson, 1 Gilm. 544; Comstock v. Brosseau 65 Ill. 39.

SIBLEY, J.   This cause is again before us for re-hearing, there having been a decision rendered at the last June term, reversing the judgment of the court below.   Upon a more careful inspection of the record, we find that the abstract furnished,

Chisholm v. Chicago & Northwestern Railway Co.

as suggested by counsel in their petition for re-hearing, did not contain a complete statement of the condition of the proceedings in the case, nor was there any positive indication that any issue had been taken upon the first rejoinder filed by the defendant to the replication to its second plea, and the question principally argued by counsel was, whether the Statute of Limitations after judgment, contained in sec. 24, p. 676, Revised Laws of 1874, commenced to run from the first judgment rendered by the Supreme Court in September, 1874, reversing that of the Superior Court of Cook county, in the case, or whether it began to run until after the cause was ultimately ended in June, 1876; but this question was not by the pleadings considered at issue.

The first rejoinder by the defendant to the plaintiff's replication to the defendants' second plea, avers that the judgment rendered in this cause reversing the decision of the Circuit Court referred to in the replication, was pronounced by the Supreme Court in September, 1874, more than one year prior to the commencement of this suit.

The plaintiff took issue on this rejoinder. Whether it was a proper answer to the replication cannot now be a subject of inquiry. For if it was insufficient it might have been demurred to, or by way of sur-rejoinder the fact could have been set up, if true (but there is no evidence in the record of its truth), that a petition for rehearing was allowed, and the cause not finally disposed of by the Supreme Court until June, 1876.

The question then recurs: were the facts stated in the rejoinder true, or was there evidence introduced on the trial sufficient to authorize the jury to find the issue upon the rejoinder, for the defendant. If so, the verdict ought not to be disturbed, since the defendant succeeded upon one of the issues joined and that not an immaterial one. Of the proof to sustain the verdict there can be no doubt.

For the transcript from the records of the Supreme Court, introduced on the trial by the defendant, was abundant evidence that the judgment of the Circuit Court of Cook County was reversed in September, 1874, and that was all the proof required to maintain the issue upon the rejoinder. When reversing the

judgment below, under the decision of the Supreme Court, in 79 Ill. 584, our attention was not directed to the fact that an issue had been formed and tried by the jury upon the rejoinder to the plaintiff's replication. The judgment of the Circuit Court is affirmed.

Judgment affirmed.